**LABORERS DISTRICT COUNCIL OF ALABAMA, on Behalf of LABORERS INTERNATIONAL LOCAL 559, et al., Plaintiffs-Appellants,**

v.

**McDOWELL CONTRACTORS, INC., et al., Defendants-Appellees.**

No. 81–7765
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

July 6, 1982.

Jerome A. Cooper, Birmingham, Ala., for plaintiffs-appellants.

Chris Mitchell, Birmingham, Ala., for defendants-appellees.

Before GOLDBERG *, HILL and HATCHETT, Circuit Judges.

PER CURIAM:

In this appeal, we are asked whether a union or its pension fund may enforce the provisions of an area-wide "prehire" labor agreement[1] against a construction contractor building a project within the covered area, when the union has not shown that it represents a majority of those working on the project in question.

In proceedings below, the district court held: (1) that in the absence of a showing of a union majority at a given project, the terms of an area-wide prehire labor agreement would not be enforceable against the employer with respect to that project; and (2) that if the union could not enforce the terms of the prehire agreement, neither could its pension fund. Dissatisfied with the district court's ruling, the plaintiff union and pension fund trustees brought this appeal.

We find that the issues presented herein are controlled by clear precedent. On the basis of the Supreme Court's recent opinion in *Kaiser Steel Corporation v. Mullins, et al.,* —— U.S. ——, 102 S.Ct. 851, 70 L.Ed.2d 833 (1982)[2] and the Fifth Circuit's en banc decision set forth in *N. L. R. B. v. Haberman Construction Company,* 641 F.2d 351 (5th Cir. 1981),[3] the decision of the district court is

AFFIRMED.

GOLDBERG, Circuit Judge, specially concurring:

As a senior member of the "born-again" Fifth Circuit, I sit with my friends and former colleagues on this court as a visitor, a judicial interloper. As a guest, I am naturally reluctant to burden my hosts with torrid tales of bygone battles, for there is no surer way to wear out one's welcome. However, a good guest should not sit in stony silence when the conversation turns to matters of great moment. Thus, I feel that I must add a personal note of reluctant concurrence.

As the author of the panel opinion in *N. L. R. B. v. Haberman Construction Company,* 618 F.2d 288 (5th Cir. 1980), my views on the issues presented in this case are a matter of record. It is my position that the rule set forth by the en banc court in *Haberman* leaves those in the construction trades without the effective protections of collective bargaining, nomadic orphans in labor's maelstrom.

The rule adopted by the en banc court in *Haberman* forces unions to demonstrate majority support at each construction project before they can enforce an area-wide prehire agreement at that project. I

---

* Honorable Irving L. Goldberg, U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

1. § 8(f) of the Labor Management Relations Act, 29 U.S.C. § 158(f) (1976), provides for prehire agreements such as the one here in question.

2. In *Kaiser Steel Corporation v. Mullins, supra,* the Supreme Court held that an employer's obligation to contribute to a union pension fund

is unenforceable if the underlying labor-management agreement is itself unenforceable.

3. As a decision of the "old" Fifth Circuit, *N. L. R. B. v. Haberman, supra* serves as binding precedent for this panel unless or until overruled by a decision of the Supreme Court or the Eleventh Circuit sitting en banc. *See, Bonner v. City of Prichard, Alabama,* 661 F.2d 1206 (11th Cir. 1981).

believe that this rule imposes an impossible burden upon the exercise of important rights secured by the National Labor Relations Act. However, my views in this matter have been rejected. This panel is bound to follow the rule set forth in the 5th Circuit's *en banc* opinion in *Haberman.* Only *en banc* reconsideration by the Eleventh. Circuit can change this result.

Thus, while I adhere to the views expressed in the panel opinion in *Haberman*, I recognize that well established principles of *stare decisis* require this panel to affirm the decision of the district court. Having duly noted my reservations, I concur.